**LAW OFFICES ROSEMARIE ARNOLD**
**Natalie A. Zammitti Shaw, Esq.**
**1386 Palisade Avenue**
**Fort Lee, NJ 07024**
**Tel: 201-461-1111**
**Fax: 201-461-1666**
**Attorney of Record ID No.: 034241986**
**Filing Attorney ID No.:  012031999**
**Our File Number: 214335**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BOVO,<br>                    Plaintiff,<br><br>vs.<br><br>BOROUGH OF LODI, CHIEF OF POLICE VINCENT A. QUATRONE, DEPUTY CHIEF OF POLICE DONALD SCORZETTI, CAPTAIN JOSEPH QUATRONE, CAPTAIN LOUIS FRANCO, LIEUTENANT ROBERT SALERNO, SERGEANT MICHAEL PAGLIA, POLICE OFFICER JESSE WINFIELD, ABC CORP 1-5 (a fictitious designation) and JOHN DOES 1-10, (unidentified police officers), individually and in their official capacity,<br><br>                    Defendants, | CIVIL ACTION NO:<br><br><br>CIVIL ACTION<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, MICHAEL BOVO, by his attorneys Law Offices Rosemarie Arnold hereby

brings this action under 42 U.S.C. §§ 1983 to redress his civil and legal rights by way of

Complaint against Defendants says upon information and belief:

1

## I.    INTRODUCTION

1.  This is an action brought by Plaintiff MICHAEL BOVO (hereinafter "Bovo") for deprivation of his constitutional rights caused by: 1) Excessive and Unreasonable use of force; 2) Deliberately Indifferent Policies, Practices, Customs, Training and Supervision; 3)False Imprisonment; 4)  Assault and Battery; 5) Negligent Hiring, Supervision, Retention and Training; 6) Denial of Medical Care; 7)Negligent Infliction of Emotional Distress;  and 8) Intentional Infliction of Emotional

2.  In this civil rights action, Plaintiff BOVO seeks relief for the Defendant's violations of his rights secured by 42 U.S.C. §§ 1981, 1983, 1988 and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## II. JURISDICTION AND VENUE

3.  This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

2

5. This case is instituted in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## III.   NOTICE OF CLAIM

6. Within ninety days of the date of this incident, Plaintiff filed a Notice of Claim upon Defendants BOROUGH OF LODI, COUNTY OF BERGEN, and the STATE OF NEW JERSEY by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

7. The Notice of Claim was in writing and contained the name and address of the Plaintiff.

8. The Notice of Claim set out the nature of the claim, the time when, as well as the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

9. The above Defendants have neglected and failed to adjust the claims within the statutory time period.

## IV.   THE PARTIES

10. At all relevant times herein, Plaintiff BOVO is a citizen of the United States and  resident of the State of New Jersey residing in the Borough of Lodi, New Jersey. The Plaintiff was 21 years old at the time of the incident.

11. At all relevant times herein, Defendant BOROUGH OF LODI (hereinafter "LODI") and/or ABC CORPS 1-5 (hereinafter "ABC"), is a municipality incorporated within the State of New Jersey. It is authorized by law to maintain a police department which acts as its agents in the area of law enforcement for which it is ultimately responsible.  Defendant LODI

3

assumes the risks incidental to maintenance of a police force and the employment of police

officers employed, supervised and controlled the individual Defendants as is a proper entity

to be sued under 42 U.S.C. §1983.  Defendant LODI was at all times relevant herein the

public employer of Defendants, CHIEF OF POLICE VINCENT A. QUATRONE

(hereinafter "Chief Quatrone"), DEPUTY CHIEF OF POLICE DONALD SCORZETTI

(hereinafter "Scorzetti"), CAPTAIN JOSEPH QUATRONE (hereinafter "Capt Quatrone"),

CAPTAIN LOUIS FRANCO (hereinafter "Franco"), LIEUTENANT ROBERT SALERNO

(hereinafter "Salerno"), SERGEANT MICHAEL PAGLIA (hereinafter "Paglia"), POLICE

OFFICER JESSE WINFIELD (hereinafter "Winfield"), and DOES 1-10 individually and in

their official capacity.

12. At all times relevant hereto, Defendant POLICE OFFICER JESSE WINFIELD (hereinafter

"Winfield") and Police Officers JOHN DOES 1-10 (hereinafter "Does") (unidentified police

officers) are and were duly appointed and acting officers, servants, employees and agents of

the Lodi Police Department, a municipal agency of Defendant LODI and/or ABC.  At all

times relevant herein, the individual defendants were citizens of the United States and

residents of the State of New Jersey and were acting under color of the laws, statutes,

ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the

Lodi Police Department, in the course and scope of their duties and functions as officers,

agents, servants and employees of the Defendant LODI, were acting for, and on behalf of,

and with the power and authority vested in them by the Defendant LODI and the Lodi Police

Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties.  They are sued in their

official and individual capacities.

4

13. At all times relevant herein, CHIEF QUATRONE and/or and DOES (unidentified police

   officers) was the Chief in charge of the Lodi Police Department, was a duly appointed and

   acting officer, servant, employee and agent of the Lodi Police Department, a municipal

   agency of Defendant, Borough of Lodi. At all times Defendant was a citizen of the United

   States and a resident of the State of New Jersey and the Borough of Lodi and was acting

   under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of

   the State of New Jersey and the Lodi Police Department, in the course and scope of their

   duties and functions as officers, agents, servants, and employees of Defendant BOROUGH

   OF LODI, were acting for, and on behalf of, and with the power and authority vested in them

   by the Defendant BOROUGH OF LODI and the Lodi Police Department, and were

   otherwise performing and engaging in conduct incidental to the performance of their lawful

   functions in the course of their duties. On information and belief, he also trained and

   supervised Defendant WINEFIELD and/or DOES.

14. At all times relevant herein, SCORZETTI and/or and DOES was the Deputy Chief in charge

   of the Lodi Police Department, was a duly appointed and acting officer, servant, employee

   and agent of the Lodi Police Department, a municipal agency of Defendant, Borough of

   Lodi. At all times Defendant was a citizen of the United States and a resident of the State of

   New Jersey and the Borough of Lodi and was acting under color of the laws, statutes,

   ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the

   Lodi Police Department, in the course and scope of their duties and functions as officers,

   agents, servants, and employees of Defendant BOROUGH OF LODI, were acting for, and on

   behalf of, and with the power and authority vested in them by the Defendant BOROUGH OF

   LODI and the Lodi Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duties.
On information and belief, he also trained and supervised Defendant WINEFIELD and/or
DOES.

15. At all times relevant herein, CAPTAIN QUATRONE and/or and DOES was the Captain in
charge of the Lodi Police Department, was a duly appointed and acting officer, servant,
employee and agent of the Lodi Police Department, a municipal agency of Defendant,
Borough of Lodi.  At all times Defendant was a citizen of the United States and a resident of
the State of New Jersey and the Borough of Lodi and was acting under color of the laws,
statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey
and the Lodi Police Department, in the course and scope of their duties and functions as
officers, agents, servants, and employees of Defendant BOROUGH OF LODI, were acting
for, and on behalf of, and with the power and authority vested in them by the Defendant
BOROUGH OF LODI and the Lodi Police Department, and were otherwise performing and
engaging in conduct incidental to the performance of their lawful functions in the course of
their duties.  On information and belief, he also trained and supervised Defendant
WINEFIELD and/or DOES.

16. At all times relevant herein, FRANCO and/or and DOES was the Captain in charge of the
Lodi Police Department, was a duly appointed and acting officer, servant, employee and
agent of the Lodi Police Department, a municipal agency of Defendant, Borough of Lodi.  At
all times Defendant was a citizen of the United States and a resident of the State of New
Jersey and the Borough of Lodi and was acting under color of the laws, statutes, ordinances,
regulations, policies, customs and/or usages of the State of New Jersey and the Lodi Police
Department, in the course and scope of their duties and functions as officers, agents, servants,

and employees of Defendant LODI, were acting for, and on behalf of, and with the power

and authority vested in them by the Defendant LODI and the Lodi Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their

lawful functions in the course of their duties. On information and belief, he also trained and

supervised Defendant WINEFIELD and/or DOES.

17. At all times relevant herein, SALERNO and/or and DOES was the Lieutenant in charge of

the Lodi Police Department, was a duly appointed and acting officer, servant, employee and

agent of the Lodi Police Department, a municipal agency of Defendant, Borough of Lodi. At

all times Defendant was a citizen of the United States and a resident of the State of New

Jersey and the Borough of Lodi and was acting under color of the laws, statutes, ordinances,

regulations, policies, customs and/or usages of the State of New Jersey and the Lodi Police

Department, in the course and scope of their duties and functions as officers, agents, servants,

and employees of Defendant LODI, were acting for, and on behalf of, and with the power

and authority vested in them by the Defendant LODI and the Lodi Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their

lawful functions in the course of their duties. On information and belief, he also trained and

supervised Defendant WINEFIELD and/or DOES.

18. At all times relevant herein, PAGLIA and/or and DOES was the Sergeant in charge of the

Lodi Police Department, was a duly appointed and acting officer, servant, employee and

agent of the Lodi Police Department, a municipal agency of Defendant, Borough of Lodi. At

all times Defendant was a citizen of the United States and a resident of the State of New

Jersey and the Borough of Lodi and was acting under color of the laws, statutes, ordinances,

regulations, policies, customs and/or usages of the State of New Jersey and the Lodi Police

Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant LODI, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant LODI and the Lodi Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. On information and belief, he also trained and supervised Defendant WINEFIELD and/or DOES.

19. At all times relevant herein, Defendants CHIEF QUATRONE, SCORZETTI, CAPTAIN QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD, and DOES in their official and individual capacities are duly appointed and acting officers, servants, employees, and agents of the Defendant LODI.

20. At all times relevant herein, the individual defendants were acting under the color of laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey, and the course and scope of their duties and functions as officers, agents, servants, and employees, of Defendant LODI, and were acting for and on behalf of, and with power and authority vested in them by the Defendant LODI, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. They are sued individually and in their official capacity.

21. The aforementioned police officers were involved in the assault, arrest and/or detention of the Plaintiff BOVO. All actions and/or inactions taken by the police officers while employed as officers of the Lodi Police Department were taken under the color of state law.

22. At all relevant times herein, Defendant LODI is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

8

23. By conduct, acts, and omissions, complained of herein, Defendants CHIEF QUATRONE, SCORZETTI, CAPTAIN QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD, and DOES (unidentified police officers) violated clearly constitutional standards under the First, Fourth, Fourteenth Amendments of the United States Constitution of which a reasonable police officer under the circumstances would have known.

## V.    STATEMENT OF FACTS

24. On or about December 13, 2015, Plaintiff BOVO was lawfully walking along Westervelt Place in the Borough of Lodi, County of Bergen and State of New Jersey, wherein the Lodi Police Department were performing a police stop on numerous individuals.

25. At the foresaid time and place, Defendants WINFIELD and DOES ordered Plaintiff BOVO to get down on the ground and crawl to him. Due to the plaintiff's scoliosis condition he walked over to WINFIELD and immediately got down on one knee. When Plaintiff BOVO questioned the officers' commands, WINFIELD did slam so negligently and forcefully Plaintiff BOVO onto the ground, and violently stomp on to the Plaintiff's back.

26. Plaintiff BOVO called out for help and immediately informed WINFIELD and DOES of his scoliosis condition, at which point the Defendant WINFIELD ignored his pleas and stomped even harder on to the Plaintiff's back.

27. Defendant WINFIELD continued his use of excessive force and pushed down even harder several more times until Plaintiff BOVO attempted to follow his directions and crawl.

28. Defendant WINFIELD and/or DOES improperly, unreasonably, wrongfully, and unlawfully detained, verbally accosted and handcuffed Plaintiff BOVO with no reasonable or good faith basis.

29. Defendants, LODI, WINFIELD, and DOES did not have probable cause to believe that Plaintiff, BOVO committed any crime and/or any act that warranted the aforesaid actions.

30. Defendant, WINFIELD and DOES did not have probable cause to detain Plaintiff BOVO.

31. Defendant, WINFIELD and DOES did not have probable cause to search Plaintiff BOVO.

32. As a result of the Defendants WINFIELD and DOES excessive and improper use of force and/or physical assault, and false imprisonment, Plaintiff BOVO sustained severe and permanent injuries.

33. At all times relevant herein, and in all of its acts and/or omissions to acts described, Defendants WINFIELD and DOES acted under the color of the law and pretense of statutes, ordinances, regulations, customs and usages of the State of New Jersey, Borough of Lodi, County of Bergen and under the authority of their office as police officers of the Borough of Lodi.

34.  At all times relevant herein, CHIEF QUATRONE, SCORZETTI, CAPTAIN QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD and DOES were employees acting within the course and scope of their employment with Defendants LODI.

35. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant LODI has continuously encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality by:

    a. failing to properly and sufficiently interview and hire;

    b. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

    c. by failing to adequately punish unconstitutional uses of force;

    d. by tolerating the use of unconstitutional force;

10

e. by failing to properly or neutrally investigate citizen complaints of excessive force;

f. by tolerating, encouraging, and permitting collusive statements by involved officers in such situations; and

g. by negligently and recklessly retaining officers who wield unconstitutional use of force.

36.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendants LODI to permit police officers to wield excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

37.     At no time during the course of the incident did Plaintiff BOVO pose a threat to the safety of Defendants or the public.  Plaintiff BOVO was not engaging in any criminal activity, he was not arrested, nor was he charged with a crime.

38.     The conduct of the Defendants in detaining Plaintiff BOVO and using force against him, was totally without probable cause, was excessive, and was done maliciously falsely and in bad faith.

39.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff BOVO has been substantially injured.  These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

40.     Plaintiff, BOVO also suffers persisting orthopedic damage, a large posterior disc

herniation at the L5-S1 and Schmorl's node defects on the inferior aspect of L1 and superior

aspect of L2, three (3) epidural steroid injections under anesthesia.

41.     Plaintiff BOVO also continues to suffer ongoing emotional distress, with significant

PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration,

sleeplessness, nightmares, flashbacks, panic disorder and acute stress disorder from being beaten

like this.

42.     By reason of the negligence of Defendants, large sums of money have been expended for

Plaintiff BOVO'S medical care and great sums will be incurred on his behalf and by him for

future medical services during and after his minority.


### CAUSES OF ACTION

### FIRST COUNT: EXCESSIVE FORCE
### 42  U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth
### Amendment
### (Against WINFIELD and DOES)

43.     Plaintiff repeats each and every allegation contained in all previous facts of the

Complaint, as if set forth herein at length.

44.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of
> any state or territory or the District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity, or other appropriate
> proceeding for redress  .   .   .

45. Plaintiff in this action is a citizen of the United States and all of the individual police

officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

12

46. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Lodi Police Department police officers and their acts or omissions were conducted within the scope of their official duties or employment.

47. At the time of the complained of events, Plaintiff BOVO had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

48. Plaintiff BOVO also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive use of force by law enforcement.

49. The conduct and actions of Defendants WINFIELD and DOES acted in concert and under the color of law, in   commanding Plaintiff BOVO to crawl, slamming the Plaintiff onto the ground, and violently stomping into the Plaintiff's back, and was done intentionally, willfully, maliciously and with deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff BOVO'S rights as guaranteed under  42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution, including the right to be free from unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

50. The Defendants WINFIELD, and DOES individually and in their official capacity, without legal provocation repeatedly stomped, beat and, battered Plaintiff BOVO, and maliciously and intentionally, falsely arrested and detained the Plaintiff and charged him

with disorderly conduct as a pretext for the aforesaid unlawful assault and battery and use of excessive force.

51. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

52. Defendants WINFIELD, and DOES actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

53. Defendants WINFIELD, and DOES actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff BOVO's, federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

54. Defendants WINFIELD, and DOES unlawfully seized Plaintiff BOVO by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff BOVO of his freedom.

55. The force and used constituted deadly force in that it could have caused death and did cause serious bodily injury to Plaintiff BOVO.

56. None of the Defendant officers took reasonable steps to protect Plaintiff BOVO from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

57. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff BOVO federally protected constitutional rights.

58. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

59. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

60. These individual Defendants acted in concert and joint action with each other

61. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

62. The individual Defendants are not entitled to qualified immunity for the complained of conduct.

63. The injuries sustained by the Plaintiff BOVO were caused wholly and solely by reason of the conduct described, and the Plaintiff did not contribute thereto.

64. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff BOVO.

65. Defendants DOES failed to take reasonable steps to protect Plaintiff BOVO from the objectively unreasonable and conscience shocking excessive force of WINFIELD despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of WINFIELD.

66. As a direct and proximate result of Defendants WINFIELD, and DOES unlawful conduct, Plaintiff BOVO suffered and continues to suffer severe physical injuries, psychological and emotional distress, humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, mental and emotional anguish and other damages and losses described herein and is entitled to compensatory economic, consequential, special, and punitive damages, in pursuant to 42 U.S.C. § 1983 in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

67. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

68. In addition to compensatory, economic, consequential and special damages, Plaintiff BOVO is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND COUNT: DENIAL OF MEDICAL CARE
### Deprivation of Rights under the Fourteenth Amendment and 42 U.S.C. §1983

69. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

16

70. Members of the Lodi Police Department have an affirmative duty to seek medical attention to persons who are injured in the course of being apprehended by the police.

71. Defendant WINFIELD and DOES were in the immediate vicinity of Plaintiff BOVO when his back was assaulted, and were aware that Plaintiff BOVO was experiencing physical pain as a result of Defendant WINFIELD'S use of excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff BOVO, disregarding the obvious risk to Plaintiff's health.

72. The conduct and actions of Defendants WINFIELD and DOES acting under the color of law, and failing to request or obtain medical attention for Plaintiff BOVO, was unreasonable, and was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

73. As a direct and proximate result of the foregoing, Plaintiff BOVO was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

74. In addition to compensatory, economic, consequential and special damages, Plaintiff BOVO is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff BOVO.

17

## THIRD COUNT: MONELL CLAIM
### Violation of 42 U.S.C. §§ 1983 and 1981- Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth and First Amendments

75. Plaintiff repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

76. At the time of the complained of events, Plaintiff BOVO had a clearly established right to be secure in his person from unreasonable seizure through excessive force under the Fourth Amendment; the right to bodily integrity and to be free from excessive use of force by law enforcement under the Fourteenth Amendment; and the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

77. On the aforesaid date, Defendants LODI, CHIEF QUATRONE, SCORZETTI, CAPTAIN QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD, and DOES individually and in their official capacity did violate Plaintiff BOVO's constitutional rights and did so pursuant and custom to a de-facto pattern and practice of the Defendant's deliberate indifference to the Constitutional rights of Plaintiff BOVO.

78. At all times relevant herein, Defendants LODI were policymakers for the Borough of Lodi and/or the Lodi Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

79. Defendant LODI implicitly and explicitly adopted and implemented careless and reckless policies, customs, or practices that included among other things displaying a pattern and practice of discrimination towards the Plaintiff BOVO.

80. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff BOVO'S constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

81. Defendants LODI created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, of its officers that condoned and fostered unconstitutional conduct of the individual defendants, and were a direct and proximate cause of policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants LODI, including; a)the failure to properly hire and retain, to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by Defendants LODI.

82. The failure of the Defendants LODI to adequately train and supervise the Defendants CHIEF QUATRONE, SCORZETTI, CAPTAIN QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD, and DOES amounts to deliberate indifference to the civil rights of Plaintiff BOVO to be free from the deprivation of liberty without due process, the right to

be free from false arrest, unreasonable search and seizure, and discrimination under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

83. As a direct and proximate result of Defendants WINFIELD, and DOES conduct, Plaintiff BOVO suffered and continues to suffer severe physical injuries, psychological and emotional distress, humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, mental and emotional anguish and other damages and losses described herein and is entitled to compensatory economic, consequential, special, and punitive damages, in pursuant to 42 U.S.C. § 1983 in amounts to be determined at trial.

84. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983 pre-judgment interest and cost as allowable by federal law. There may also be special damages for lien interests.

## FOURTH COUNT: FALSE IMPRISONMENT

85. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

86. Defendants LODI, CHIEF QUATRONE, SCORZETTI, QUATRONE, FRANCO, SALERNO, PAGLIA, WINFIELD, and DOES acted under the color of the law and acted in concert with one another by falsely arresting and detaining Plaintiff BOVO with no probable cause or any basis in fact or law to do so.

87. Defendants intentionally confined Plaintiff at Westervelt Place in the Borough of Lodi, County of Bergen, and State of New Jersey without his consent.

88. Defendants knew, or should have known, that they had no lawful authority to detain Plaintiff. BOVO, and as a result, their conduct constituted false imprisonment of the Plaintiff.

89. The Defendants denied Plaintiff BOVO his rights privileges, or immunities secured by the United States Constitution depriving him of his liberty without due process of law, by handcuffing him, and holding him against his will.

90. The Defendants breached a duty of care owed to Plaintiff BOVO so as not to deprive him of his personal liberty by intentionally, wrongfully, and unlawfully detaining and confining him without probable cause and without a warrant from the Court.

91. Defendants' conduct constituted false imprisonment of Plaintiff.

92. As a direct and proximate result of Defendants' false imprisonment and/or unlawful arrest, and malicious detention and confinement, Plaintiff BOVO has suffered and continues to suffer actual physical and emotional injuries, physical, psychological, and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, mental and emotional anguish, and other damages and losses described herein, and is entitled to compensatory and special damages pursuant to 42 U.S.C. § 1983 in amounts to be determined at trial.

## FIFTH COUNT: ASSAULT AND BATTERY
### COMMON LAW CLAIM

93. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

94. By the conduct and actions described above, Defendant WINFIELD, and DOES inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants

WINFIELD, and DOES were the proximate cause and reasonably foreseeable result of injury and damage to Plaintiff BOVO and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

95. Defendants WINFIELD and DOES acts constituted an assault upon Plaintiff BOVO in that WINFIELD and DOES intentionally attempted to injure Plaintiff or commit a battery upon him.

96. Defendants WINFIELD and DOES acts constituted a battery upon Plaintiff BOVO in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

97. The actions of Defendants WINFIELD, and DOES were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants WINFIELD, and DOES knew, or should have known, that their actions were without the consent of Plaintiff BOVO.

98. The injuries sustained by Plaintiff BOVO were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

99. As a direct and proximate result of Defendants' false imprisonment and/or unlawful arrest, and malicious detention and confinement, Plaintiff BOVO has suffered and continues to suffer actual physical and emotional injuries, physical, psychological, and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, mental and emotional anguish, and other damages and losses described herein, and is entitled to compensatory and special damages pursuant to 42 U.S.C. § 1983 in amounts to be determined at trial.

## SIXTH COUNT: NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING
### COMMON LAW CLAIM

100. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

101. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of hiring, training and/or supervision and/or retention is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

102. The deliberately indifferent hiring, training and supervision and/or retention provided by Defendants LODI and ABC resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants LODI and ABC and were moving forces in the negligent hiring, supervision, retention and training complained of by Plaintiff BOVO.

103. Defendants LODI and/or ABC negligently hired, trained, supervised and retained Defendants WINFIELD, and DOES who were unfit for their jobs.

104. As a proximate cause and reasonably foreseeable result of the acts and conduct of Defendants LODI, ABC, WINFIELD, and DOES, Plaintiff was caused to sustain serious and permanent physical and psychological injuries and sustain medical bills and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

23

105. As a result of the foregoing, Plaintiff BOVO was deprived of his liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## SEVENTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

106. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

107. Defendants WINFIELD, and DOES conduct in slamming the Plaintiff onto the ground and forcefully stomping him without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, conduct which exceeded all reasonable bounds of decency.

108. Defendants WINFIELD, and DOES conduct, described above, was intended to and did cause severe emotional distress to Plaintiff BOVO.

109. The conduct of Defendants WINFIELD, and DOES was the proximate cause and reasonably foreseeable result of injury and damage to Plaintiff BOVO and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

110. As a result of the foregoing, Plaintiff BOVO was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

111. As a direct and proximate result of Defendants' negligence, Plaintiff BOVO suffered and continues to suffer severe physical injuries, psychological and emotional distress, humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience,

mental and emotional anguish and other damages and losses described herein and is entitled to compensatory and special damages in amounts to be determined at trial.

## NINETH COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS COMMON LAW CLAIM

112. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

113. Defendants WINFIELD, and DOES conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, BOVO and caused severe emotional distress to Plaintiff.

114. The acts and conduct of Defendants WINFIELD, and DOES was the direct and proximate cause of injury and damage to Plaintiff BOVO and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

115. As a result of the foregoing, Plaintiff BOVO was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

116. As a direct and proximate result of Defendants' negligence, Plaintiff BOVO suffered and continues to suffer severe physical injuries, psychological and emotional distress, humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, mental and emotional anguish and other damages and losses described herein and is entitled to compensatory and special damages in amounts to be determined at trial.

## TENTH COUNT: NEGLIGENCE
### COMMON LAW CLAIM

117. Plaintiff repeats each and every allegation contained in all previous counts of the
Complaint, as if set forth herein at length.

118. Defendant WINFIELD, and DOES while acting as agents and employees for the
Defendants LODI, and in their capacity as police officers owed, a duty to Plaintiff
BOVO to perform their duties without the use of excessive force. Defendants
WINFIELD, and DOES use of force upon Plaintiff BOVO when he was unarmed and
did not pose a threat of death or egregious bodily injury to Defendants or to others,
constitutes negligence for which Defendants WINFIELD, and DOES are liable.

119. Defendants WINFIELD and DOES use of force upon Plaintiff BOVO constitutes
negligence for which the Defendants are liable.

120. On or about December 13, 2015, Defendant WINFIELD, and DOES were negligent in
their performance and/or failure to perform duties undertaken in the course of their
employment, including but not limited to, failure to use due care at or about the times
of the aforementioned incident.

121. In committing the aforementioned acts and/or omissions, WINFIELD, and DOES
negligently breached said duty to use due care.

122. As a direct and proximate result of Defendants' negligence, Plaintiff BOVO suffered
and continues to suffer severe physical injuries, psychological and emotional distress,
humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience,
mental and emotional anguish and other damages and losses described herein and is
entitled to compensatory and special damages in amounts to be determined at trial.

## ELEVENTH COUNT: ALTERNATIVE LIABILITY

123. Plaintiffs repeat the allegations contained in all previous Counts of the Complaint, as if set forth herein at length.

124. Plaintiff, BOVO charges that by virtue of the doctrine of *alternative liability*, all Defendants have breached a duty of reasonable care to the Plaintiff and the Defendants have the burden to show lack of causation for all of Plaintiff's losses, injuries, and damages.

**WHEREFORE**, Plaintiff BOVO demands judgment against Defendants BOROUGH OF LODI, CHIEF OF POLICE VINCENT A. QUATRONE, DEPUTY CHIEF OF POLICE DONALD SCORZETTI, CAPTAIN JOSEPH QUATRONE, CAPTAIN LOUIS FRANCO, LIEUTENANT ROBERT SALERNO, SERGEANT MICHAEL PAGLIA, POLICE OFFICER JESSE WINFIELD, ABC CORP. 1-5, (a fictitious designation) and JOHN DOES 1-10 (unidentified police officers) in their official and individual capacities individually and in their official capacity, jointly, severally, and/or individually for:

a) Compensatory damages and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b) Economic losses on all claims allowed by law;

c) Special damages in an amount determined at trial;

d) Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e) Attorney's fees under 42 U.S.C. § 1983, filing fees and cost of suit; and

f) Any further relief which the Court may deem equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Natalie A. Zammitti Shaw, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices Rosemarie Arnold

Dated: November 2, 2017                    NATALIE A. ZAMMITTI SHAW, ESQ.

28